UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR386 HEA |
| ) | |
| DONALD ROBINSON, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for New Trial or in the Alternative Judgment of Acquittal, [Doc. No. 51]. The Government opposes the Motion and has filed a response thereto. For the reasons set forth below, the Motion is denied.

## Facts and Background

Following a bench trial held on March 2, 2009 and March 3, 2009, the Court rendered its decision. The Court found Defendant guilty on all six counts charged in the indictment. The Court had previously denied Defendant's Motion for Judgment of Acquittal at the conclusion of all the evidence. Defendant now challenges this finding, as well as several of the Court's other rulings made throughout the course of this case, specifically as set forth below.

## Discussion

Defendant initially argues that the Government failed to make a submisable

case on each of the six counts. Defendant argues that the Government failed to establish knowing possession of methamphetamine or maintaining a drug house and failed to establish that Defendant knowingly possessed firearms in each of the two incidents in furtherance of a drug related crime. Based on all of the evidence presented at trial, the Court concluded that the Government indeed proved all the required elements beyond a reasonable doubt.

Defendant argues that the Court erred in allowing hearsay testimony regarding the statements made by Defendant's mail carrier and trash collector. As the Government argues, these statements were not offered for the truth of the matter asserted. The Court, in its position as a fact finder, did not consider the statements as such, but rather, accepted the testimony of Detective Lucas as he explained. Detective Lucas was aware of Defendant's residence because Doolittle is a small town in which people generally know where other people live and because he had confirmed Defendant's residence with the mail carrier and trash collector. As such, this testimony did not violate Defendant's right to confront witnesses. *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004).

Defendant claims the Court erred in allowing Defendant's wife to testify. Virginia Robinson did not divulge any confidential spousal communications, rather, she testified adversely to Defendant. Ms. Robinson was free to waive her privilege against adverse spousal testimony. *Trammel v. United States*, 445 U.S. 40 (1980).

Defendant also argues that the Court erred in admitting evidence seized from his residence pursuant to the execution of search warrants.  The Court has previously found that the search warrants were valid and sufficient.  Defendant is now attempting to have the Court reconsider its previous ruling.  Defendant has presented nothing to establish that the Court's previous order should be reconsidered.  The warrants were valid and the evidence seized was admissible for the reasons previously articulated in this Court's adoption of Judge Medler's well-reasoned Report and Recommendation.  See Memorandum and Order dated October 29, 2008.

Finally, Defendant argues that the Court should grant him a new trial based on "newly discovered evidence."  As the Government aptly points out, all of this "new" evidence was either known or should have been known to Defendant prior to or at the time of trial.  Furthermore, much of this "evidence" is mischaracterized by Defendant and is not as he says, *e.g.*, the "cash advance," the relocation of Ms. Robinson and the "placement" of Ms. Robinson in a drug treatment program.

## **Conclusion**

None of Defendant's arguments give rise to a basis upon which to grant a new trial.  The Government proved beyond a reasonable doubt all of the necessary elements for conviction.  Defendant was not deprived of any constitutional rights throughout the trial.  He is not, therefore entitled to a new trial nor to a judgment of

acquittal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial or in the Alternative Judgment of Acquittal, [Doc. No. 51], is **DENIED**.

Dated this 8th day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE